IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:20-CV-00127-KDB

| | |
|---|---|
| DEBORAH ANDERSON BRANTON,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security,[1]<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Deborah Anderson Branton's Motion for Summary Judgment (Doc. No. 18) and Defendant's Motion for Summary Judgment (Doc. No. 20). Ms. Branton, through counsel, seeks judicial review of an unfavorable administrative decision denying her application for a period of disability and disability insurance benefits under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, Plaintiff's Motion for Summary Judgment is **DENIED**; Defendant's Motion for Summary Judgment is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

I. BACKGROUND

On November 8, 2016, Plaintiff filed applications for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging that she had been disabled

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the Defendant in this suit.

since October 6, 2016. (Tr. 232). Plaintiff's claim was initially denied on May 26, 2017; her claim was denied on reconsideration on January 30, 2018 (Tr. 135, 152). After conducting a hearing on July 22, 2019, Administrative Law Judge ("ALJ") Kerry Morgan denied her applications in a decision dated August 14, 2019. (Tr. 14, 180). On June 18, 2020, the Appeals Council ("AC") denied Plaintiff's request for review. (Tr. 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Branton has timely requested judicial review pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Ms. Branton was disabled under the law during the relevant period.[2] At step one, the ALJ found that Ms. Branton had not engaged in substantial gainful activity ("SGA") since her alleged onset date and at step two that she had several medically determinable and severe impairments: degenerative cervical spinal stenosis and cervical spondylosis with facet joint osteoarthritis; fibromyalgia; chronic migraines; chronic pain syndrome; left shoulder arthritis; and arthritis. (Tr. 21). However, the ALJ found at step three that none of Plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 24).

---

[2] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

The ALJ then determined that Ms. Branton had the residual functional capacity (RFC) to perform light work as follows:

> [T]he residual functional capacity to perform the full range of light work as defined in 20 C.F.R. 404.1567(b) except she is limited to frequent pushing and pulling with the bilateral upper extremities; occasional climbing of stairs and ramps, but no climbing ladders, ropes or scaffolds; able to occasionally bend, stoop, kneel, crouch and crawl; able to tolerate occasional exposure to fumes, odors, dust, gas and poor ventilation; and able to tolerate occasional exposure to hazardous machinery and unprotected heights.

(A.R. 25).

At step four, the ALJ found that Plaintiff was able to perform past relevant work as a companion and shipping clerk. (Tr. 30). This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity. *Id.* Alternatively, at step five, the ALJ concluded that other jobs existed in significant numbers in the national economy that Plaintiff — given her age, education, work experience and RFC — could perform. (Tr. 31). Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act from October 6, 2016 through the date of the decision. (Tr. 32).

### III. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson*, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Smith,* 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

The Plaintiff contends that remand is appropriate because the ALJ failed to form a logical bridge between the evidence in the record, her RFC findings and her conclusions regarding the consistency of Ms. Branton's allegations with the record. The ultimate question before the ALJ was whether Plaintiff became disabled at any time. The Court has conducted a careful but limited review of the ALJ's decision consistent with our role as a reviewing court as described above and finds that the ALJ applied the correct legal standards and his conclusion that Plaintiff was not disabled is supported by substantial evidence. More specifically, that the ALJ evaluated all of the

evidence, which revealed that recent objective findings were mild, and that Plaintiff was repeatedly discharged from pain management. Accordingly, the ALJ's evaluation of Plaintiff's impairments and the corresponding RFC are supported by substantial evidence. The Court notes that any error the ALJ may have committed at step four of the sequential evaluation is harmless because her step five conclusion is supported by substantial evidence.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. No. 18) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 20) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

Signed: September 17, 2021

Kenneth D. Bell
United States District Judge